UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
KEVIN JOSEPH CARROLL,  :  Civil No. _____
:
*Petitioner*,  :
:  **PETITION TO VACATE**
-against-  :  **ARBITRATION AWARD**
:
WELLS FARGO CLEARING SERVICES,  :
LLC,  :
:
*Respondent*.  :
:
------------------------------------------------------------X

Petitioner Kevin Joseph Carroll, by and through his undersigned counsel, as and for his Petition to Vacate an Arbitration Award issued on or about March 27, 2020, pursuant to the Federal Arbitration Act ("FAA") 9 U.S.C. § 10, alleges as follows:

## INTRODUCTION

1. This is an action pursuant to the FAA to vacate an arbitration award issued on or about March 27, 2020 ("Award"), by Jim Geiger ("Arbitrator"), who was the sole public arbitrator, in Financial Industry Regulatory Authority ("FINRA") Dispute Resolution Case No. 19-03473 ("Arbitration").

2. The Award was issued in favor of Wells Fargo Clearing Services, LLC ("Wells Fargo" or "Respondent"), granting it total monetary relief in the amount of $706,900.41, plus interest at the rates and from the dates set forth in the Award. **Exhibit A**.

3. The Award was issued after the Petitioner requested an adjournment for the first and only time in order to obtain counsel and file an answer to the statement of claim. Respondent acquiesced to the adjournment in writing. The Arbitrator denied the request without explanation.

1

4. The Arbitrator's decision did not have a reasonable basis in fact or law and deprived the Petitioner of his rights to due process and a fair hearing under FINA's arbitration rules and the FAA.

5. The Arbitrator's actions constitute grounds for vacatur of the Award under the FAA. 9 U.S.C. § 10(a)(3), and (4).

## PARTIES

6. Petitioner is a resident and domiciliary of the state of Rhode Island.

7. Respondent is a brokerage firm and investment advisor with its principal place of business in the state of Missouri.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction based on the diversity of citizenship of the parties, as Petitioner is a citizen of Rhode Island, and Respondent is a citizen of Missouri with its headquarters and principal place of business in Missouri, and the amount in controversy exceeds $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a)(l).

9. Venue is proper in the Southern District of New York because a substantial portion of the events giving rise to Petitioner's claims and the underlying Arbitration filing and Award were made in this District. 9 U.S.C. § 10(c).

## FACTUAL BACKGROUND

10. Wells Fargo claimed it made a loan to respondent as evidenced by a promissory note. *See*, Exhibit A.

11. Wells Fargo alleged that the note became fully due and payable when Petitioner defaulted on the note on or about February 15, 2019, and that Respondent failed to repay the balance due upon default. *Id.*

12. Respondent filed its Statement of Claim on or about November 19, 2019. *Id.*

13. Between November 19, 2019, and February 25, 2020, Petitioner had no communications from or with the Arbitrator or Respondent.

14. Between November 19, 2019, and February 25, 2020, there were no scheduled discovery or administrative proceedings, conferences, or hearing dates.

15. On February 25, 2020, Petitioner requested an extension of time in order to obtain counsel. **Exhibit B**.

16. On March 6, 2020, Respondent replied to Petitioner's request. **Exhibit C**. Respondent ultimately acquiesced to a short adjournment, writing:

    "Nevertheless, despite the status of this matter and Respondent's vague and untimely request, in an effort to accommodate Respondent, Claimant does not object to a brief extension to Answer the Statement of Claim provided that any such extension be for no more than for ten (10) days from the date of the arbitrator's Order and that if Respondent does not file his Answer within ten (10) days of the date of the Order, he will thereafter be barred from filing an Answer to the Statement of Claim."

17. On March 13, 2020, the Arbitrator denied Petitioner's adjournment request and stated that "Respondent's request for an extension is denied." **Exhibit D**.

18. The Arbitrator then conducted the Arbitration on the papers alone pursuant to FINA Arbitration Rule 13806(e)1.  *See*, Exhibit A, p. 2.

## THE ARBITRATION AWARD

19. On or about March 27, 2020, FINRA issued an Award in favor of Wells Fargo granting it total monetary relief against Petitioner in the amount of $706,900.41, plus interest at the rates and from the dates set forth in the Award. *See*, Exhibit A.

20. The Award did not specify the factual or legal basis for the Arbitrator's decision to grant Wells Fargo's claims, other than to merely recite some of the terms of the promissory note and the decision to rule in its favor.

21. Respondent did not participate in the Arbitration after the Arbitrator denied his adjournment request.

**GROUNDS FOR VACATUR**

22. Section 10 of the FAA specifies the basis for vacating an arbitration award. Those grounds include "where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown. . ." and "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a)(3), (4).

23. In addition, FINRA Rule 13208(b) states that "At any stage of an arbitration proceeding held in a United States hearing location, all parties shall have the right to be represented by an attorney at law in good standing and admitted to practice before the Supreme Court of the United States or the highest court of any state of the United States, the District of Columbia, or any commonwealth, territory, or possession of the United States, unless state law prohibits such representation."

24. The Award has not been confirmed, modified, or corrected as prescribed in 9 U.S.C. § 9 and 11.

25. The Petition is brought within three months, and within 90 days, after the issuance of the Award.

26. No previous application has been made to vacate or confirm the Award.

**WHEREFORE**, Petitioner respectfully requests the Court:

(a) Vacate the Award;

(b) Remand the case to FINRA, for assignment to a different arbitrator than the one which issued the Award, for further proceedings; and

(c) Granting such other and further relief as the Court deems just, equitable, and proper under the facts and circumstances of this case.

Dated:       New York, New York
             June 26, 2020

_____/s_____
Warren Law Group
Attorneys for Petitioner
77 Water Street, 7th Floor
New York, New York 10005
(212) 580-9600
By: Christopher D. Warren, Esq.
Www.Warren.Law